T.C. Summary Opinion 2007-24


UNITED STATES TAX COURT


ROBERT J. DAMRON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7430-05S.                    Filed February 20, 2007.


Robert J. Damron, pro se.

Catherine G. Chang, for respondent.



COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,272 in petitioner's Federal income tax for the year 2001. The sole issue for decision is whether petitioner is entitled to deductions for certain expenses claimed on Schedule C, Profit or Loss From Business, for the year in question in excess of amounts allowed by respondent.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was San Francisco, California.

During the year 2001, petitioner was an employee of the U.S. Postal Service. Petitioner was also engaged in a self-employed trade or business activity that he called Innovative Financial Services. The activity was described as "negotiation and other services for business/individuals".

On Schedule C, which petitioner included with his 2001 Federal income tax return, he reported the following gross income and expenses from this activity:

| | | |
|---|---|---|
| Income | | $ 1,200.00 |
| Expenses: | | |
| Legal and professional | $ 300.00 | |
| Office expenses | 6,659.04 | |
| Rent (business property) | 3,500.00 | |
| Taxes/licenses | 200.00 | |
| Meals/entertainment | 24.65 | |
| Utilities | 544.78 | |
| Wages | 3,600.00 | 14,828.47 |
| Loss | | ($13,628.47) |

In the notice of deficiency, respondent disallowed the following expenses:

| | |
|---|---|
| Rent | $ 3,500 |
| Wages | 3,600 |
| Office expenses | 5,179 |
| Total | $12,279 |

Respondent agrees that the activity is a trade or business activity engaged in for profit and disallowed the expenses for failure to substantiate the amounts claimed. During the trial, respondent conceded that petitioner was entitled to a deduction for rent of $700 and $400 for wages paid that had been disallowed in the notice of deficiency.

The nature of the activity is somewhat vague. At trial, petitioner gave examples of the services he provided, such as assisting businesses collecting debts from customers, searching courthouse records or newspapers that might provide information that could lead to assets of delinquent customers, negotiating with debtors, etc. Petitioner had engaged in this activity only for 2 or 3 years prior to the year at issue and had not realized a profit in any of the prior years. The sole issue in this case is whether petitioner substantiated the expenses disallowed.[2]

---

[2]Because of the year involved, the examination of petitioner's return at issue commenced after July 22, 1998. Therefore, sec. 7491, which under certain circumstances shifts the burden of proof to the Commissioner, applies. However, for the burden to be placed on the Commissioner, the taxpayer must
(continued...)

In general, deductions are a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers are required to maintain records sufficient to enable the Commissioner to determine their correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438 (2001); sec. 1.6001-1(a), Income Tax Regs. Such records must substantiate both the amount and purpose of the claimed deductions. Higbee v. Commissioner, supra.

Section 162 allows a deduction for ordinary and necessary expenses that are paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); Deputy v. duPont, 308 U.S. 488, 495 (1940).

At trial, petitioner offered into evidence copies of various checks that were issued purportedly for payment of expenses related to the activity; however, no documentation was offered to tie in or corroborate that such payments were in connection with the business activity. Petitioner claims he had such information at home and did not realize that such information was crucial to his case.

---

²(...continued)
comply with the substantiation and record-keeping requirements of the Internal Revenue Code. Sec. 7491(a)(2)(A) and (B). On this record, petitioner has not wholly satisfied that requirement; therefore, the burden has not shifted to respondent under sec. 7491. Higbee v. Commissioner, 116 T.C. 438 (2001).

Section 6001 requires generally that every person liable for any tax keep such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe. Section 1.6001-1(a), Income Tax Regs., provides, in pertinent part, that "any person subject to tax under subtitle A of the Code * * *, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax".

After careful consideration of the evidence presented, including petitioner's testimony and the concessions by respondent, the Court is not inclined to go beyond what respondent has conceded. Accordingly, this Court holds that petitioner is not entitled to any deductions in excess of the amounts allowed and conceded by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.